IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORI FETTY,

                           OPINION AND ORDER

               Plaintiff,

                              19-cv-642-bbc

      v.

ANDREW SAUL,
Commissioner of Social Security,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Lori Fetty is seeking review of a final decision denying her claim for supplemental security income under the Social Security Act.  42 U.S.C. § 405(g).  Plaintiff seeks a remand of that decision, arguing that the administrative law judge (ALJ) who decided the case did not account for all of the limitations assessed by plaintiff's treating ophthalmologist and consultative optometrist, even though the ALJ gave considerable weight to the physicians' opinions.  For the reasons explained below, I am not persuaded by plaintiff's arguments.  Therefore, I will affirm the commissioner's decision.

       The following facts are drawn from the administrative record (AR).

FACTS

       Plaintiff Lori Fetty filed an application for supplemental security income on November 18, 2015, alleging that she had been disabled since January 10, 2015 because of a detached retina in her right eye, possible detached retina in her left eye, poor depth perception, double-vision, abscess in her right eye and migraines.  AR 19.  Plaintiff was born

1

on December 10, 1962, making her 52 years old at the time of her alleged disability onset date.  AR 29.

After her applications were denied initially on February 17, 2016, and upon reconsideration on September 23, 2016, plaintiff filed a request for an administrative hearing.  AR 19.  On May 18, 2018, ALJ Michael Hellman held a hearing at which plaintiff and a vocational expert testified.  Plaintiff was represented by an attorney at the hearing. Id.

The ALJ issued a written decision on August 8, 2018, finding that plaintiff had severe visual impairments.  AR 22, 30.  The ALJ further found that plaintiff retained the residual functional capacity (RFC) to perform medium work with the following limitations: never climbing ladders, ropes or scaffolds; occasional climbing ramps and stairs and balancing; avoiding all use of hazardous machinery and unprotected heights; and limited to work in occupations allowing flexible production rate and pace.  AR 23.  In reaching his decision, the ALJ reviewed plaintiff's treatment records and the opinion evidence.  With respect to the opinion evidence relevant to this appeal, he stated that he gave considerable weight to the February 2, 2016 opinion of a consultative optometrist (Dr. Todd Verdon), who found that plaintiff has a total loss of vision in her right eye and normal vision in her left eye but that she would regain some of her capabilities after cataract surgery on her left eye and would be able to function as a monocular individual.  AR 24 (citing AR 410).  He also gave considerable weight to the November 25, 2016 opinion of plaintiff's treating ophthalmologist, Dr. Paul Boeke, who stated that plaintiff is physically capable of a full work

schedule but has decreased visual field and depth perception and double vision, which would require her employment to have visual aids (such as magnification), time to complete tasks (based on reading and visual processing) and no dangerous machinery.  AR 26 (citing AR 438-39).  (The ALJ's specific findings related to the relevant opinion evidence are discussed below.)

The ALJ determined that plaintiff could not perform her past relevant work as a health attendant.  AR 28.  Relying on the testimony of a vocational expert who testified in response to a hypothetical question based on plaintiff's RFC assessment, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform, including laundry worker, cleaner and transportation cleaner.  AR 29-30.

OPINION

In reviewing the administrative law judge's decision, I must determine whether the decision is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted).  This deferential standard of review "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision."  Id.  The administrative law judge must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination."  Id.  See also Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he

ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review."); Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009).

Plaintiff's sole challenge on appeal is that the ALJ erred in his RFC and hypothetical question to the vocational expert by failing to account properly for all of the findings made by Dr. Boeke and Dr. Verdon.  With respect to Dr. Boeke's opinion, plaintiff argues that even though the ALJ included the physician's recommendations for visual aids, the ability to work at her own pace and no dangerous machinery, he did not include any limitations concerning plaintiff's limited visual field, reduced peripheral vision or depth perception or her problems with double vision.  With respect to Dr. Verdon, plaintiff argues that the ALJ should have provided limitations to address her reported problems with balance, depth perception and dizziness, which Dr. Verdon appears to have credited because he stated that these symptoms should improve with left eye cataract surgery.

As defendant points out, the ALJ thoroughly reviewed plaintiff's history of visual impairments, her reported symptoms and the physicians' opinions.  He found it significant that plaintiff's left eye was consistently good with 20/20 visual acuity on examination, and any reports of eye pain involved her right side and were described as "mild."  AR 25-26 (citing AR 420, 435, 442, 444, 445, 458, 466).  The ALJ concluded that the medical evidence did not support plaintiff's allegations of disabling symptoms or demonstrate that she had limitations that would prevent her from performing work consistent with the reduced range of medium work in her RFC.  AR 26.

Contrary to plaintiff's suggestion, the ALJ specifically recognized her problems with depth perception, field of vision, double vision and peripheral vision, as noted by Drs. Boeke and Verdon in their reports, and adopted the work-related restrictions (visual aids, time to complete tasks and no dangerous machinery) assessed by them.  AR 25, 27.  Neither Dr. Boeke nor Dr. Verdon offered any additional work-related restrictions apart from those adopted by the ALJ.  It is plaintiff's burden to demonstrate how her vision impairments affected her functional abilities during the time she alleges she was disabled.  20 C.F.R. § 416.912; Castile v. Astrue, 617 F.3d 923, 927 (7th Cir. 2010).  Plaintiff fails to identify what, if any, additional restrictions the ALJ should have added to her RFC to accommodate her limitations with vision field, depth perception and double vision.  Without any such information, I find that it was reasonable for the ALJ to conclude that Drs. Verdon and Boeke accounted for all of plaintiff's limitations in stating that she would be able to work full time with visual aids, time to complete tasks and no dangerous machinery.  Accordingly, I am affirming the commissioner's decision denying benefits and dismissing plaintiff's appeal.

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, is AFFIRMED and plaintiff Lori Fetty's appeal is DISMISSED.  The clerk

of court is directed to enter judgment in favor of defendant and close this case.

Entered this 8th day of September, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge